# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*[1], | Case No. 23-10497 (CTG) |
| | (Jointly Administered) |
| Debtors. | |
| HEATHER L. BARLOW, LIQUIDATING TRUSTEE OF THE STRUCTURLAM LIQUIDATING TRUST, | ADVERSARY NO. 25-50558 (CTG) |
| Plaintiff, | |
| v. | |
| ERLAND CONSTRUCTION, INC., | |
| Defendant. | |

## SCHEDULING ORDER

To promote the efficient and expeditious disposition of adversary proceedings, the following schedule shall apply to the above-captioned adversary proceeding. **IT IS HEREBY ORDERED** that:

1.  The discovery planning conference described in Fed. R. Civ. P. 26(f), made applicable by Fed. R. Bankr. P. 7026, shall take place no later than thirty (30) days after the first

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. ("SMTU") (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation ("SMTC") (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

answer or other responsive pleading is filed, or sixty (60) days after the adversary proceeding is commenced, whichever is later. The parties are not required to file a discovery plan as contemplated by Fed. R. Civ. P. 26(f)(3).

2. The parties shall provide the initial disclosures under Fed. R. Civ. P. 26(a)(1) no later than sixty (60) days after the Scheduling Conference. Any extension of the deadline to provide initial disclosures must be by Order of the Court and will only be granted for good cause shown.

3. All fact discovery shall be completed no later than February 2, 2026.

4. The parties shall provide expert reports for an issue on which they bear the burden of proof by April 1, 2026.

5. Any Party's expert report intended to rebut any other expert report shall be provided by May 1, 2026. All reports shall provide the information required by Fed.R.Civ.P.26(a)(2)(B). All expert discovery shall be completed, and discovery shall close, by June 22, 2026.

6. Pursuant to the General Order Regarding Procedures in Adversary Proceedings entered by the Honorable Mary F. Walrath on April 7, 2004, no later than November 3, 2025, the parties shall file a Stipulation Regarding Appointment of a Mediator or a statement that the parties cannot agree on a mediator and a request that the Court select and appoint a mediator to the proceeding.

7. Within sixty (60) days after the entry of an Order Assigning the Adversary Proceeding to Mediation, the mediator shall either (a) file the mediator's certificate of completion, or, (b) if the mediation is not concluded, file a status report that provides the projected schedule for completion of the mediation.

8. All dispositive motions shall be filed and served by July 22, 2026 and shall be subject to Del. Bankr. L.R. 7007.

9. The parties shall comply with the Chambers Procedures for Judge Craig T. Goldblatt. The parties shall submit to Judge Goldblatt, no later than two (2) business days prior to a hearing on any contested matter that will involve discovery and the presentation of evidence, a proposed Joint Pretrial Order (or, if the parties are unable to agree, they shall submit competing forms of order).

10. The Order Assigning the Adversary Proceeding to Mediation shall set the adversary proceeding for trial ninety (90) days after the entry of the Order, or as soon thereafter as the Court's calendar permits. The Court may, in its discretion, schedule a pre-trial conference in lieu of or in addition to the trial.

11. The Plaintiff shall immediately notify Chambers upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall promptly file with the Court appropriate evidence of such resolution. The Plaintiff shall file a status report forty-five (45) days after the date of this scheduling order, each forty-five (45) days thereafter, and thirty (30), twenty (20), and ten (10) days prior to trial, setting out the status of each unresolved adversary proceeding subject to this Order. Plaintiff shall immediately advise Chambers, in writing, of any occurrence or circumstance which Plaintiff believes may suggest or necessitate the adjournment or other modification of the trial setting.

12. Deadlines contained in this Scheduling Order may be extended only by the Court and only upon written motion for good cause shown.

13. The Plaintiff shall serve this Scheduling Order on each Defendant within five (5) business days after the entry of this Order.

**Dated: August 18th, 2025**  
**Wilmington, Delaware**

CRAIG T. GOLDBLATT  
UNITED STATES BANKRUPTCY JUDGE